IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROUND ROCK MONTESSORI SCHOOL, INC.** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO.** |
| v. | § § | **1:25-CV-1767** |
| **UTICA LLOYD'S OF TEXAS,** | § § § | |
| *Defendant.* | § | |

# DEFENDANT UTICA LLOYD'S OF TEXAS' NOTICE OF REMOVAL

UTICA LLOYD'S OF TEXAS ("Defendant") timely files this Notice of Removal and respectfully shows the Court as follows:

## I.
## PROCEDURAL HISTORY AND BASIS FOR REMOVAL

1.  Plaintiff Round Rock Montessori School, Inc. ("Plaintiff") commenced this lawsuit on September 23, 2025, against Defendant in the 395th Judicial District Court of Williamson County, Texas bearing Cause No. 25-2788-C395 (the "State Court Action").

2.  On October 3, 2025, Defendant received notice of the lawsuit by receiving a copy of Plaintiff's Original Petition (Exhibit "E"). Utica filed an answer in the State Court Action on October 27, 2025 (Exhibit "G").

3.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within the thirty-day statutory time-period for removal.

4.  Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Unfair Claim Settlement Practices Act, violations of the Prompt Payment of Claims Act, breach of the duty of good faith and fair dealing, and violations of the

Texas Deceptive Trade Practices Act. Plaintiff's claims arise under a commercial insurance policy issued to Plaintiff by Defendant on a property owned by Plaintiff located in Round Rock, Texas, which is alleged to have been damaged by a storm on or about September 24, 2023, causing physical damage to the Round Rock Montessori School's property.

5. Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1441(b) which permits removal based on diversity jurisdiction. Section 1332 sets forth the factual predicates justifying the exercise of diversity jurisdiction. Those requirements are (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.     Jurisdiction**

6. In a removal, "the burden of persuasion for establishing diversity jurisdiction is on the party asserting it." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

7. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest are properly joined and the served defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441.

*8.* Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Plaintiff is a Texas corporation with its principal place of business in Williamson County, Texas. Both at the time the lawsuit was originally filed, and at the time of removal, Utica Lloyd's of Texas is a Texas Lloyds company. "[A] Texas Lloyd's plan is an unincorporated association, and its citizenship is defined by the citizenship of its members." *N.*

*Dallas Lawn Care & Landscape Inc. v. Hartford Lloyds Ins. Co.*, No. 4:16-CV-891-JRG, 2017 WL 2600376, at *2 (E.D. Tex. June 15, 2017); *accord Royal Ins. Co. of Am. V. Quin-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (looking to the citizenship of the members of a Lloyd's plan insurance association to evaluate diversity jurisdiction). The Fifth Circuit has held that the membership of a Texas Lloyd's group consists of its underwriters. *Royal Ins. Co. of Am.,* 3 F.3d at 882. Utica's underwriters are individuals. Specifically, the individual underwriters are as follows: John Anderson (Illinois), Mark Angelucci, Paul Cohen, William King, Kristen Martin (NY), Elizabeth Miller (NY), Lydia Berez, Michael Evolo, Shannon Peck, Adam Kelly, John Eckmair, and Sarah Hinman. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 793, 798 (2007). Mr. Anderson is and intends to continue to reside in the State of Illinois. Additionally, the remaining individual underwriters are residents and intend to continue to reside in the State of New York. Accordingly, Utica Lloyd's of Texas is a citizen of New York and Illinois for diversity purposes.

9.   Because Plaintiff is a citizen of Texas and Utica is a citizen of New York and Illinois, complete diversity of citizenship exists among the parties.

10.   This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d

1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Here, Plaintiff alleges cause of action for breach of contract, violations of the Unfair Claim Settlement Practices Act, violations of the Prompt Payment of Claims Act, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. *See* Ex. D-1, Plaintiff's Original Petition at ¶¶ 5.2-8.6. Plaintiff has provided Defendant with an estimate totaling $115,292.80 in property damage, plus economic, actual, and consequential damages; additional damages; pre- and post-judgment interest; and attorneys' fees and costs. *See* Id. at p. 16, ¶ XVII. Accordingly, the total amount in controversy exceeds $75,000.

**B.   Venue**

11.   Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

**C.   Removal Requirements**

12.   Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 395th Judicial District Court of Williamson County, Texas pursuant to 28 U.S.C. § 1446(d).

13.   Attached hereto are all the documents required by 28 U.S.C. § 1446(a) and Local Rules 81.1 of the United States District Court for the Northern District of Texas, including:

      Exhibit A:   Civil Cover Sheet

      Exhibit B:   Supplemental Cover Sheet

      Exhibit C:   Index of Matters Being Filed

      Exhibit D:   State Court Docket Sheet

> Exhibit E:     Plaintiff's Original Petition
>
> Exhibit F:     Return of service for Utica Lloyd's of Texas
>
> Exhibit G:     Defendant Utica Lloyd's Original Answer
>
> Exhibit H:     Certificate of Interested Parties
>
> Exhibit I:     Notice to State Court of Removal

### D.     Jury Demand0

14.     Plaintiff requests a jury, and Defendant also requests a trial by jury pursuant to Fed. R. Civ. P. 81(c)(3)(A).

15.     All fees required by law in connection with this Notice have been tendered and paid by Defendant.

## II.
## PRAYER

WHEREFORE, Defendant Utica Lloyd's of Texas removes the above-captioned matter, now pending in the 236th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

> Respectfully submitted,
>
> By:  */s/ Daniel Buechler*
>       Daniel Buechler
>       State Bar No. 24047756
> THOMPSON, COE, COUSINS & IRONS, L.L.P.
> Plaza of the Americas, 700 N. Pearl Street,
> Twenty-Fifth Floor
> Dallas, Texas 75201-2832
> Telephone:  214-871-8262
> Fax:  214-871-8209
> E-Mail:  DBuechler@thompsoncoe.com
>
> **ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I certify a true and correct copy of this document was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 3rd day of November, 2025:

David R. Sanders
d/b/a Hair Shunnarah Trial Attorneys, L.L.C.
d/b/a Insurance Claim HQ
3540 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
*Attorney for Plaintiff*

                                  */s/ Daniel Buechler*
                                  Daniel Buechler