CAUSE NO. __25-2788-C395__

| | | |
|---|---|---|
| **ROUND ROCK MONTESSORI SCHOOL, INC.,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | Williamson County - 395th Judicial District Court |
| **V.** | § § | _____ **JUDICIAL DISTRICT** |
| **UTICA LLOYD'S OF TEXAS,** | § § | |
| *Defendant.* | § § | **WILLIAMSON COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Round Rock Montessori School, Inc., Plaintiff herein, and files this, his Original Petition against Utica Lloyd's of Texas, Defendant herein, and would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1.    Discovery in this case is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

2.1.    Plaintiff Round Rock Montessori School Inc. (hereinafter, "Plaintiff") is a school based in Round Rock, Texas which is organized as a Texas corporation.

2.2.    Defendant Utica Lloyd's of Texas (hereinafter, "Defendant" and/or "Utica") is an insurance carrier conducting business in the State of Texas and, pursuant to the provisions of the Policy described hereinbelow, Utica may be served by and through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or wherever it may be found.

---

### III.    JURISDICTION AND VENUE

3.1.    Jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

3.2.    Venue is proper in Williamson County, Texas under the mandatory venue provisions in Section 15.011 of the Texas Civil Practice and Remedies Code as this is a suit for recovery of damages to real property, and under the general venue rules set forth in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as this is the county in which the Property is located and where all or a substantial part of the events or omissions giving rise to the claims occurred.

3.3.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### IV.    FACTS

4.1.    Utica sold insurance policy number 5319967 (hereinafter, the "Policy") to named insured Round Rock Montessori School, Inc. to insure the property located at 1818 Sam Bass Road, Round Rock, Texas 78681 (hereinafter, the "Property"). The Policy was effective at all times pertinent herein.

4.2.    On or about September 24, 2023, a severe wind and hail event (hereinafter, the "Storm") caused widespread damage to properties located throughout Round Rock, Texas. The Storm resulted in direct physical damage to Round Rock Montessori School's Property.

4.3.    Upon discovery of the damage, Round Rock Montessori School Inc. reported the damage to Utica pursuant to the Policy. Utica acknowledged the reported loss and assigned claim numbers 10390939 and 10390941 to buildings one and two, respectively, to the loss (hereinafter, the "Claims").

4.4.    On or about September 29, 2023, Utica dispatched an independent adjuster, Donny Lindner (hereinafter, "Mr. Lindner") with ProStar Adjusting, LLC, to inspect the Property on its behalf. Storm damage was admitted and coverage opened. However, Mr. Lindner was either inadequately trained or intentionally ignored the damage to the Property and, as a result, the inspection was brief, cursory, and failed to document the full scope of damage. As a result of Mr. Lindner's unreasonable and inadequate inspection, the subsequent estimate grossly underreported the extent of damage. Plaintiff then demanded appraisal, however Defendant refused to participate in the appraisal process. Plaintiff was left with no choice but to hire an attorney.

4.5.    In an effort to perform their due diligence, Round Rock Montessori School Inc. retained an estimator to conduct an inspection of the damage to the Property and complete an estimate of necessary repairs.

4.6.    Plaintiff sent pre-suit notice and demand to Utica pursuant to Chapters 541 and 542 of the Texas Insurance Code on or about November 8, 2024. Plaintiff's pre-suit notice and demand was accompanied by exhibits, including the estimate prepared by GCE, in support of each of the above stated facts. To date, Utica continues to fail to fully compensate Plaintiff for the damages sustained to the Property, as required pursuant to the Policy.

4.7.    As a result of Utica's refusal to change its position regarding Plaintiff's Claims despite being notified of the impossibility of the minimal suggested scope of repair, continued delay and disinterest in resolving the Claims, and its refusal to tender benefits and proceeds due and owing under its Policy, Plaintiff has sustained damages as described herein.

## V.    COUNT ONE: BREACH OF CONTRACT

5.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

5.2.    This is an action against Defendant for breach of a first party insurance contract, the Policy. Plaintiff is the named insured under the Policy, and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to the facts as set forth herein.

5.3.    An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed. An insurance policy, however, is a unique type of contract because an insurer generally has exclusive control over the evaluation, processing, and denial of Claims, and it can easily use that control to take advantage of its insured. Because of this inherent "unequal bargaining power," the Texas Supreme Court concluded the "special relationship" between an insurer and insured justifies the imposition of a common-law duty on insurers to "deal fairly and in good faith with their insureds."

5.4.    Further, a breach of contract claim is distinct and independent from a tort claim, such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate yet independent, however, they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy. From and after the time the Plaintiff's Claims was presented to Utica, the liability of Utica to pay the full Claims in accordance with the terms of the Policy was reasonably clear. However, to this day, Utica has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment.

5.5.    Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the Claims, mitigation of the damages to the Property, and temporary repairs to prevent further

damage. Defendant has waived any and all other conditions.

5.6.    Defendant is required to compensate Plaintiff for all direct physical losses from a loss event under the terms of the Policy.

5.7.    Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.

5.8.    Defendant's denial of coverage and refusal to pay the full amount of the Claims is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiff's Property to its pre-loss condition and includes, without limitation, the following:

a)    Failing to indemnify its insured, and by relying upon a policy exclusion to deny payment which is, and should be inapplicable given the circumstances of the Claims;

b)    Failing to pay all benefits available and improperly interpreting the Policy so as to avoid obligations imposed by the Policy and Texas law;

c)    Denying payment on Plaintiff's Claims without meeting its affirmative burden of proving by a preponderance of evidence that Plaintiff's loss was proximately caused by non-covered peril or a peril excluded by the policy;

d)    Failing to meet its affirmative burden of establishing which part of Plaintiff's loss was caused by an excluded peril;[1]

e)    Improperly shifting the burden to Plaintiff of proving that the loss was not excluded by the Policy;[2]

f)    Failing to conclusively and objectively determine the proximate and efficient cause of loss;

g)    Failing to retain the appropriate experts and/or consultants to evaluate the damages to the subject Property and/or disregarding evidence from experts and/or consultants retained by Plaintiff;

h)    Negligently, grossly negligently, recklessly, and/or intentionally choosing not to conduct a full, fair, and prompt investigation and adjustment regarding Plaintiff's insured losses;

i)    Basing its failure to tender payment based on an inadequate investigation, inspection, and adjustment of Plaintiff's loss;

---

[1] *See* TEX. INS. CODE ANN. §554.002.

[2] *See* TEX. INS. CODE ANN. §554.002.

---

**PLAINTIFF'S ORIGINAL PETITION**                                **PAGE 5 OF 17**

j)   Failing to construe the Policy in favor of coverage for Plaintiff's insured loss; and,

k)   Choosing to delay and withhold payment of Plaintiff's covered losses, thereby proximately causing Plaintiff to incur consequential damages, including additional repair costs, expert fees, attorney fees, and litigation expenses.

5.9.    As a direct and proximate result of Defendant's breach of said contract of insurance as specified herein, including Defendant's refusal to pay Plaintiff's Claims and Defendant's failure to compensate Plaintiff for the damage sustained to the Property, which is owed under the terms of the Policy, Plaintiff has suffered damages described herein.

## VI.   COUNT TWO: VIOLATIONS OF THE TEXAS INSURANCE CODE

### A.   Violations of the Unfair Claim Settlement Practices Act

6.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.2.    Defendant's acts, omissions, failures, and conduct that are described herein violate provisions of Chapter 542 of Texas Insurance Code, known as the Unfair Claim Settlement Practices Act.[3] In this respect, Defendant's violations include, without limitation:

a)   Misrepresenting a material fact or policy provision relating to the coverage at issue;[4]

b)   Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;[5]

c)   Failing to adopt and implement reasonable standards for the prompt investigation of a claim arising under the insurer's policy;[6]

d)   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[7] and,

---

[3] TEX. INS. CODE §542 et. seq.

[4] See TEX. INS. CODE ANN. §542.003(b)(1).

[5] See TEX. INS. CODE ANN. §542.003(b)(2).

[6] See TEX. INS. CODE ANN. §542.003(b)(3).

[7] See TEX. INS. CODE ANN. §542.003(b)(4).

       e)      Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder. [8]

6.3.    Accordingly, Plaintiff seeks damages in addition to the amount of the Claims, including interest accrued from the date the claims were required to be paid to judgment, together with reasonable and necessary attorneys' fees.[9]

**B.    Violations of the Prompt Payment of Claims Act**

6.4.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

6.5.    Defendant is "liable for a claim under an insurance policy" pursuant to the Texas Insurance Code[10] as a result of one or more of the following:

      a)      by completing its investigation, evaluating the claim, and coming to a determination to accept and pay the claim or some part of it;

      b)      by being adjudicated liable by a court or arbitration panel;

      c)      by submitting to appraisal, even if Defendant first rejected the claim;[11]

      d)      by making payment of an appraisal award outside the statutory deadline even if Defendant made a timely partial payment of the claim; and,[12]

      e)      by rejecting or accepting a claim, thereby acknowledging that claimant submitted all necessary information for Defendant to determine whether Plaintiff was entitled to benefits under the policy.[13]

6.6.    Defendant has violated its statutory duty to adjust claims promptly and make reasonable efforts to settle claims[14] under in the following, non-exclusive respects:

      A)      Failing to request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant within thirty (30) days after receiving notice of the claim where

---

[8] *See* TEX. INS. CODE ANN. §542.003(b)(5).

[9] *See* TEX. INS. CODE §542.060(c).

[10] *See* TEX. INS. CODE ANN. §542.060(a).

[11] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019).

[12] *See Louis Hinojos v. State Farm Lloyds and Raul Pulido*, 619 S.W.3d 651, 658 (Tex. 2021).

[13] *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 816 (Tex. 2019).

[14] *See* TEX. INS. CODE ANN. §542B et. seq.

---

the loss was the result of a weather-related catastrophe or natural disaster;[15]

B) Failing to notify a claimant in writing of the acceptance or rejection of a claim within thirty (30) days of receiving all items, statements, and forms that the insurer requires to secure final proof of loss where the loss was the result of a weather-related catastrophe or natural disaster;[16]

C) Failing to notify the claimant of the reasons for the denial or rejection of the claim;[17]

d) Failing to notify the claimant of the reasons the insurer requires additional time to accept or reject the claim;[18]

e) Failing to notify a claimant in writing of the acceptance or rejection of the claim within sixty (60) days of notifying the claimant that additional time would be required to make a coverage determination, where the loss was the result of a weather-related catastrophe or natural disaster;[19]

F) Failing to make payment of a claim within twenty (20) business days of providing notice to the claimant that the insurer will pay all or part of a claim, where the loss was the result of a weather-related catastrophe or natural disaster;[20]

G) Failing to make payment of a claim within twenty (20) business days of claimant's performance when payment is conditioned performance of an act by the claimant, where the loss was the result of a weather-related catastrophe or natural disaster;[21] and,

H) By failing to pay an insured's claim within sixty (60) days of receiving all items and documents reasonably necessary to resolve the claim, where the loss was the result of a weather-related catastrophe or natural disaster.[22]

6.7. Defendant's violation of the TPPCA subjects Defendant to the payment of interest on the amount of the claims at the rate of 18 percent a year as damages, together with reasonable

---

[15] *See* TEX. INS. CODE §542.055(a)(3).

[16] *See* TEX. INS. CODE §542.056(a).

[17] *See* TEX. INS. CODE §542.056(c).

[18] *See* TEX. INS. CODE §542.056(d).

[19] *See* TEX. INS. CODE §542.056(d).

[20] *See* TEX. INS. CODE §542.057(a).

[21] *See* TEX. INS. CODE §542.057(b).

[22] *See* TEX. INS. CODE §542.058(a).

and necessary attorneys' fees to be taxed as costs.[23]

## VII. COUNT THREE: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

7.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

7.2.    By its acts, omissions, failures, and conduct, Defendant has violated Chapter 541 of the Texas Insurance Code,[24] and breached its common law duty of good faith and fair dealing.[25] Defendant had no reasonable basis for denying or delaying payment of Plaintiff's Claims, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiff's Claims.

7.3.    These common law and Texas Insurance Code violations include, without limitation, the conduct described herein, including:

      a)    Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:

            i.    Making an untrue statement of material fact;[26]

            ii.    Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[27]

            iii.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[28] and,

            iv.    Making a material misstatement of law.[29]

---

[23] *See* TEX. INS. CODE ANN. §542.060(a)-(b).

[24] TEX. INS. CODE §541 et. seq.

[25] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

[26] *See* TEX. INS. CODE ANN. §541.061(1).

[27] *See* TEX. INS. CODE ANN. §541.061(2).

[28] *See* TEX. INS. CODE ANN. §541.061(3).

[29] *See* TEX. INS. CODE ANN. §541.061(4).

    b)    Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:

        i.    Misrepresenting a material fact or policy provision relating to the coverage at issue;[30]

        ii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[31]

        iii.    Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim;[32] and,

        iv.    Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.[33]

7.4.    Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiff's Claims, when Defendant's liability had become reasonably clear.[34] Accordingly, Plaintiff seeks herein actual damages, court costs, and reasonable and necessary attorneys' fees.[35]

7.5.    Because the acts, omissions, failures, and conduct of Defendant were committed knowingly, with actual awareness of the falsity, unfairness, or deceptiveness,[36] Plaintiff seeks treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.[37]

### VIII.  COUNT FOUR: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

---

[30] *See* TEX. INS. CODE ANN. §541.060(a)(1).

[31] *See* TEX. INS. CODE ANN. §541.060(a)(2)(A).

[32] *See* TEX. INS. CODE ANN. §541.060(a)(3).

[33] *See* TEX. INS. CODE ANN. §541.060(a)(7).

[34] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).

[35] TEX. INS. CODE §541.152(a)(1).

[36] TEX. INS. CODE §541.002(1).

[37] TEX. INS. CODE §541.152(b).

8.1.     Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

8.2.     Plaintiff is a consumer under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiff is an individual (as defined by the Act) who acquired goods/services from Defendant by purchase.[38]

8.3.     By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiff justifiably relied on to their detriment. In this respect, Defendant's violations include, without limitation:

a)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;[39]

b)     Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;[40]

c)     Advertising goods or services with intent not to sell them as advertised,[41] and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;[42]

d)     Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;[43] and,

e)     Engaging in an unconscionable action or course of action, to Plaintiff's detriment, that took advantage of Plaintiff's lack of knowledge, ability,

---

[38] TEX. BUS. & COM. CODE §17.45(4).

[39] *See* TEX. BUS. & COM. CODE §17.45(b)(5).

[40] *See* TEX. BUS. & COM. CODE §17.45(b)(7).

[41] *See* TEX. BUS. & COM. CODE §17.45(b)(10).

[42] *See* TEX. BUS. & COM. CODE §17.45(b)(12).

[43] *See* TEX. BUS. & COM. CODE §17.45(b)(24).

experience, or capacity to a grossly unfair degree.[44]

8.4.    As described herein, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which affords Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.[45]

8.5.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages as set forth herein. Accordingly, Plaintiff seeks their actual damages, court costs, and reasonable and necessary attorneys' fees.[46]

8.6.    Additionally, because Defendant acted knowingly and intentionally, Plaintiff is entitled to recover treble damages under DTPA Section 17.50(b)(1).[47] Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff's claim.[48] Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.[49]

## IX. AGENCY

9.1.    Plaintiff incorporates herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

9.2.    All acts by Utica were undertaken and completed by their officers, agents, servants, employees, or representatives. All such acts were either done with the full authorization

---

[44] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).

[45] TEX. BUS. & COM. CODE §17.46(b)(5).

[46] TEX. BUS. & COM. CODE §17.50(d).

[47] TEX. BUS. & COM. CODE §17.50(b)(1).

[48] TEX. BUS. & COM. CODE §17.45(9).

[49] TEX. BUS. & COM. CODE §17.45(13).

or ratification of Utica and/or were completed in the normal and routine course and scope of employment.

9.3.    As reference and described above, and considering further conduct throughout this litigation and lawsuit, The inside adjusters who handled Plaintiff's Claims are agents of Utica based on their acts during the handling of the Claims, including inspection, adjustments and aiding in adjusting a loss for or on behalf of Utica.

9.4.    Utica and its assigned adjusters' conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices.[50]

9.5.    All violations under this subsection are made actionable by TEX. INS. CODE §541.151.

9.6.    Utica is liable for the unfair and deceptive acts of its assigned adjusters because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any "individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."[51]

9.7.    Separately, or in the alternative, as referenced and described above, Utica ratified the actions and conduct of their agents, including the completion of their duties under common law and statutory law.

## X.    **WAIVER AND ESTOPPEL**

10.1.    Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

10.2.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI.    CONDITIONS PRECEDENT

11.1.    Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

11.2.    All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.

## XII.    NOTICE OF INTENT TO USE DISCOVERY

12.1.    Plaintiff gives notice of his intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit. Such documents and items are self-authenticated pursuant to Texas Rule of Civil Procedure 193.7.

## XIII.    ECONOMIC AND ACTUAL DAMAGES

13.1.    Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

13.2.    The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the actual costs of the repair and remediation of Plaintiff's Property and any investigative and engineering fees incurred therein. Plaintiff is entitled to recover his out-of-pocket damages, costs of mitigation, additional living expenses, diminution of the value of the Property, lost time, loss of use, and expectancy damages. Plaintiff is further entitled to recover actual, consequential, and general damages from Defendant's breach of its duty of good faith and fair dealing and breach of contract. As this is an action for bad faith insurance practices, Plaintiff is also entitled to recover extracontractual

damages for economic and personal injuries. Plaintiff is further entitled to recover the amount of their claims plus prejudgment interest, statutory interest, post-judgment interest, and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.

## XIV.  ADDITIONAL DAMAGES

14.1.   Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

14.2.   Defendant has "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code[52] and Texas Deceptive Trade Practices Act.[53]

## XV.  ATTORNEYS' FEES

15.1.   Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

15.2.   Plaintiff has retained Insurance Claim Lawyers, Inc. d/b/a Hair Shunnarah Trial Attorneys, LLC, to represent Plaintiff due to Defendant's actions. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;  (b) Section 541.152 of the Texas Insurance Code;  Sections 542.060(a) and 542.060(b) of the Texas Insurance Code;  (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;  and (d) common law.

---

[53] TEX. INS. CODE §541.060(a).

## XVI.  JURY DEMAND

16.1.    Plaintiff incorporates herein, by reference, all facts and allegations set forth above as if said allegations were fully set forth herein.

16.2.    Pursuant to Rule 216(a) of the Texas Rules of Civil Procedure, Plaintiff hereby requests a trial by jury and tenders the appropriate jury fee.

## XVII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Round Rock Montessori School, Inc., respectfully prays that Defendant Utica Insurance Company be cited to appear and answer herein and upon a final hearing of the cause, judgment be entered for Plaintiff and against Defendant as follows:

a)    Economic, Actual, and Consequential damages suffered, as requested herein;

b)    Additional Damages as requested herein;

c)    Pre-judgment and post-judgment interest at the maximum rate allowed by law as requested herein;

d)    Reasonable and necessary attorneys' fees, and costs of court as requested herein; and

e)    Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully Submitted,

INSURANCE CLAIM LAWYERS, INC.

By: */s/ David R. Sanders*
   David R. Sanders
   State Bar No. 24093102
   Email: dsanders@hstalaw.com
   INSURANCE CLAIM LAWYERS, INC.
   d/b/a HAIR SHUNNARAH TRIAL ATTORNEYS, L.L.C.
   d/b/a INSURANCE CLAIM HQ
   3540 S. I-10 Service Road W, Suite 300
   Metairie, LA 70001
   Telephone: (504) 684-5200
   Facsimile: (504) 613-6351

*Attorneys for Plaintiff,*
*Round Rock Montessori School, Inc.*

## Automated Certificate of eService
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Tanya Barrett on behalf of David Sanders
Bar No. 24093102
TBarrett@hstalaw.com
Envelope ID: 105961554
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition filed by David R. Sanders
atty -EV# 105961554
Status as of 9/23/2025 4:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Sanders | | dsanders@hstalaw.com | 9/23/2025 12:25:27 PM | SENT |



**CT Corporation**
**Service of Process Notification**
10/03/2025
CT Log Number 550279832

## Service of Process Transmittal Summary

**TO:**       Adam Kelly, Corporate Secretary
              Utica National Insurance Group
              180 GENESEE ST
              NEW HARTFORD, NY 13413-2299

**RE:**       **Process Served in Texas**

**FOR:**      Utica Lloyd's of Texas  (Domestic State: TX)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**          ROUND ROCK MONTESSORI SCHOOL, INC. vs. UTICA LLOYD'S OF TEXAS

**CASE #:**                   252788C395

**PROCESS SERVED ON:**        C T Corporation System, Dallas, TX

**DATE/METHOD OF SERVICE:**   By Process Server on 10/03/2025 at 15:01

**JURISDICTION SERVED:**      Texas

**ACTION ITEMS:**             CT will retain the current log

                             Image SOP

                             Email Notification,  Stephanie Urtz  stephanie.urtz@uticanational.com

                             Email Notification,  Amy Harris  amy.harris@uticanational.com

                             Email Notification,  Kim Hatzinger  kimberly.hatzinger@uticanational.com

                             Email Notification,  Chanin Rice  chanin.rice@uticanational.com

                             Email Notification,  Nicole Zoelandz  nicolle.zolandz@uticanational.com

                             Email Notification,  Adam Kelly  adam.kelly@uticanational.com

**REGISTERED AGENT CONTACT:**  C T Corporation System
                              1999 Bryan Street
                              Suite 900
                              Dallas, TX 75201
                              866-539-8692
                              CorporationTeam@wolterskluwer.com


The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                     Fri, Oct 3, 2025
**Server Name:**                              Kurt Schedler

| Entity Served | UTICA LLOYD'S OF TEXAS |
|---|---|
| Case Number | 25-2788-C395 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
|  |  |  |



# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
### NO. 25-2788-C395

**ROUND ROCK MONTESSORI SCHOOL, INC. VS. UTICA LLOYD'S OF TEXAS**

TO:      Utica Lloyd's of Texas
         C T Corporation System
         1999 Bryan Street, Suite 900
         Dallas, Texas 75201

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION in the above styled and numbered cause, which was filed on the 23rd day of September, 2025 in the 395th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 1st day of October, 2025.

ADDRESS OF LEAD ATTORNEY FOR
PETITIONER:
David R. Sanders
3540 S. I-10 Service Road W, Suite 300
Metairie, LA 70001

*Lisa David, District Clerk*
PO Box 24, Georgetown, TX 78627
Williamson County, Texas
(512) 943-1212



BY:   *Heather Frazier*
      _____
      Heather Frazier, Deputy

## RETURN OF SERVICE

Came to hand on the ____ day of _____,20___,at _____ o'clock ___M. and executed at _____, within the
County of _____, Texas, at _____ o'clock ___M. on the _____ day of _____, 20_____, by delivering to the
within named _____, in person a true copy of this citation, with a true and correct copy of the
PLAINTIFF'S ORIGINAL PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.
***NOT EXECUTED***, the diligence used to execute being *(show manner of delivery)* _____
_____; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*
**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY**_____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE    BY: _____ DEPUTY
**FEE FOR SERVICE OF CITATION : $**_____

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is
        Please print.      (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____ day of _____, 20_____.

_____                          _____
Declarant/Authorized Process Server                    ID # & expiration of certification

**DELIVERED BY K.S.-PSC1098**
**DELIVERED ON** *10 - 3 - 2025*