CAUSE NO. 25-2788-C395

| | | |
|---|---|---|
| ROUND ROCK MONTESSORI SCHOOL, INC. | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § § | WILLIAMSON COUNTY, TEXAS |
| UTICA LLOYD'S OF TEXAS, | § § | |
| *Defendants.* | § | 395th JUDICIAL DISTRICT |

## DEFENDANT UTICA LLOYD'S OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Utica Lloyd's of Texas ("Defendant") files its Original Answer to Plaintiff's Original Petition and, in support thereof, respectfully shows the following:

### I.
### GENERAL DENIAL

1.  Pursuant to Tex. R. Civ. P. 92, Defendant generally denies each and every, all and singular, the allegations stated in Plaintiff's Original Petition and, since they are allegations of fact, demands strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.  Without waiving the foregoing, Defendant asserts the following affirmative defenses:

3.  Plaintiff has failed to satisfy all conditions precedent to filing its claims under the terms of the insurance policy.

4.  Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted. Plaintiff fails to describe how Defendant's

alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action including, but not limited to, a violation of the Texas Insurance Code.

5. The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claim is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, the absence of coverage for many portions of Plaintiff's underlying insurance claim precludes Plaintiff's Texas Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

6. Plaintiff's claims are subject to and limited by the respective terms and conditions of the Policy (a copy of which will be produced to Plaintiff) including, but not limited to, the buildings scheduled in the policy declarations, the applicable policy limit(s) and deductible(s), and the applicable coinsurance requirements. Defendant hereby incorporates the terms of its policy by reference.

7. Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered (if any) and non-covered perils. *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

8. Plaintiff's claims and demands for payment of additional money are barred and/or premature to the extent they failed to comply with all terms and conditions of the insurance policy at issue. Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the Policy including, but not limited to, the conditions relating to timely bringing an action related to the claim; payment of covered portions of the claim; faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, and compaction; materials used in repair, construction, renovation, or remodeling; or

maintenance of part or all of any property on or off the described premises and exclusions for wear and tear and neglect to preserve the property from further damage.

9. Defendant did not breach any duty allegedly owed to Plaintiff under the insurance contract and at all times acted reasonably and in good faith.

10. As to Plaintiff's extra-contractual claims alleging "bad faith," a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Defendant, and Defendant possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

11. Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

12. Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages. Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

13. Plaintiff has waived and/or is estopped from asserting the claims against Defendant in Plaintiff's Original Petition.

14. Defendant will show that Plaintiff's damages, if any, are unrelated to any act, error, or omission by Defendant and that Defendant's actions were not the proximate or producing cause of any of Plaintiff's alleged damages.

15. Plaintiff's alleged damages are the result of an intervening, superseding, or independent cause for which Defendant has no responsibility.

16. Defendant asserts it has not violated TEX. INS. CODE ANN. § 541 and has at all times acted in good faith.

17. Defendant asserts it has not violated T<small>EX</small>. I<small>NS</small>. C<small>ODE</small> A<small>NN</small>. § 542 and has at all times complied with the time frame required under that statute.

18. Defendant pleads it is entitled to an offset or credit for any payments previously made under the Utica policy or by a third party for damages claimed in this lawsuit.

19. Plaintiff's claims are barred and/or should be reduced by the doctrine of comparative fault and/or contributory negligence. Plaintiff's and/or any third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant. Defendant requests that the trier-of-fact determine Plaintiff's liability and percentage of responsibility as well as any properly-identified, responsible third parties' liability and percentage of responsibility pursuant to T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> A<small>NN</small>. § 33.003.

20. Plaintiff's claims are barred by the principle of unjust enrichment.

21. Plaintiff's claims are barred and/or subject to T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> A<small>NN</small>. §§ 41.001-.012, which pertain to the imposition of punitive damages and/or additional damages under the Texas Deceptive Trade Practices-Consumer Protection Act or the Texas Insurance Code.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Utica Lloyd's of Texas prays that, upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but that Defendant goes hence without delay and recovers costs of court and such other and further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Daniel P. Buechler*
    Daniel P. Buechler
    State Bar No. 24047756
    dbuechler@thompsoncoe.com
    Jason Lowe
    State Bar No. 24113851
    jlowe@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**ATTORNEYS FOR DEFENDANT**
**UTICA NATIONAL INSURANCE COMPANY**
**OF TEXAS**

## CERTIFICATE OF SERVICE

     I certify a true and correct copy of this document was served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on the 27th day of October 2025:

David R. Sanders
d/b/a Hair Shunnarah Trial Attorneys, L.L.C.
d/b/a Insurance Claim HQ
3540 S. I-10 Service Road W, Suite 300
Metairie, Louisiana 70001
*Attorney for Plaintiff*


    */s/ Daniel P. Buechler*
    Daniel P. Buechler

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Berlinda Jimenez on behalf of Jason Lowe
Bar No. 24113851
bjimenez@thompsoncoe.com
Envelope ID: 107304880
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer Filed by Atty. Daniel Buechler / Env# 107304880
Status as of 10/27/2025 11:31 AM CST

Associated Case Party: Round Rock Montessori School, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David Sanders | | dsanders@hstalaw.com | 10/27/2025 9:02:37 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jason Lowe | | Jlowe@thompsoncoe.com | 10/27/2025 9:02:37 AM | SENT |
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 10/27/2025 9:02:37 AM | SENT |
| Berlinda Jimenez | | bjimenez@thompsoncoe.com | 10/27/2025 9:02:37 AM | SENT |
| Christi Crafton | | ccrafton@thompsoncoe.com | 10/27/2025 9:02:37 AM | SENT |